IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MELIK L. HARVEY, : | |
| Plaintiff : | |
| VS. : | NO. 5:03-CV-26 (CWH) |
| ALLEN V. EDWARDS, *et al.*, : | |
| Defendants : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| : | **BEFORE THE U. S. MAGISTRATE JUDGE** |

# O R D E R

Plaintiff MELIK L. HARVEY is an inmate in the custody of the State of Georgia. He has sued defendants ALLEN V. EDWARDS and WYNDELL WALKER[1], alleging that these defendants violated his constitutional rights while he was incarcerated at Rivers State Prison in Hardwick, Georgia. Plaintiff claims that the defendants violated his Eighth Amendment rights by using excessive force on him on September 25, 2002. Plaintiff states that he was taking a shower during the 9:00 P.M. count that day and that Officer Daniels asked him to get out of the shower and return to his cell. Plaintiff states that he complied with this request. However, Officer Daniels later issued plaintiff a disciplinary report (DR) for disrupting count. Plaintiff and Officer Daniels then argued about the DR because plaintiff felt it was issued in retaliation for past arguments they had. Plaintiff claims that following the argument, Officer Daniels accused him of spitting in her face. Defendant Walker then moved plaintiff into the hallway, placed him in handcuffs, and moved him to isolation. On the way, defendant Edwards allegedly ran up and attempted to punch plaintiff. According to plaintiff, defendant Walker then slammed him into the ground chipping his front tooth. Defendant Walker continued to hold plaintiff down while defendant Edwards kicked him in his side and buttocks. Defendant Edwards then allegedly kicked plaintiff in the mouth while he was getting up.

---

[1] All other defendants were previously dismissed from the present suit. Tab #11.

Before the court is the defendants' **MOTION FOR SUMMARY JUDGMENT**. Tab #20. The motion is supported by a brief, discovery requests, and deposition. The court advised the plaintiff of said motion and his duty to respond properly thereto. Tab #27. The plaintiff has filed a response to the defendants' motion. Tab #28. In entering this order, the undersigned has carefully considered the defendants' motion and all attachments thereto, as well as the plaintiff's response.

LEGAL STANDARDS
**A. Summary Judgment**

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[2]

## DISCUSSION
### 1. Defendant Walker

In any Section 1983 action, the initial question presented to the court is whether the essential elements of a Section 1983 cause of action are present. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). It is essential that the conduct complained of deprive the plaintiff of rights, privileges or immunities guaranteed by the Constitution or laws of the United States. *Id.* Plaintiff has alleged no action on the part of the defendant WALKER that violates any federally protected right. In fact, plaintiff admits that the only reason he has named defendant Walker as a defendant in this case is to make sure he is available as a witness. Tab #24 at 19-20. Because plaintiff has alleged no constitutional violation against defendant Walker, he is entitled to summary judgment.

---

[2] *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

### 2. Defendant Edwards

The Eleventh Circuit has noted that to establish an Eighth Amendment violation a prisoner must prove that his injury was caused by an unnecessary and wanton infliction of pain. In such cases the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Absence of serious injury alone is insufficient to dismiss a prisoner's Eighth Amendment claim. *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996).[3]

The plaintiff and defendants have provided somewhat different accounts of the incident in question. The defendants admit to using force on plaintiff on September 25, 2002, in order to subdue him. However, they argue that said force was necessary because plaintiff broke free from defendant Walker's grasp as he was being escorted to segregation. Defendant Edwards then grabbed plaintiff around the waist and placed him face down on the floor.

The plaintiff provides a different account of the events of that day. As stated above, he says that he got into an argument with officer Daniels concerning a DR that he had received. Following that argument, plaintiff claims that officer Daniels falsely accused him of spitting in her face. Defendant Walker then handcuffed plaintiff and transported to segregation. While being taken to segregation, defendant Edwards ran up to plaintiff and attempted to hit him in the face. Defendant Walker then slammed plaintiff into the ground chipping his tooth. While on the ground, defendant Edwards kicked plaintiff in his side and buttocks. He also kicked plaintiff in the mouth as he was being helped up.

---

[3] Analysis of an Eighth Amendment excessive force claim is contextual and requires that many factors be considered: the need for the application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible official, and any efforts made to temper the severity of a forceful response. Only *de minimis* uses of force are beyond constitutional recognition. *Id.*

The Supreme Court has noted that prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve the internal order and discipline and to maintain institutional security.  The Court has noted that this deference extends to a prison security measure taken in response to an actual confrontation with riotous inmates, just as it does to prophylactic or preventive measures intended to reduce the incidence of these or any other breaches of prison discipline.

While this deference does not insulate from review actions taken in bad faith and for no legitimate purpose, it requires that neither judge nor jury freely substitute their judgment for that of officials who have made a considered choice.  *Whitley v. Albers*, 475 U.S. 312, 322 (1986).  Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain under the standard described, the case should not go to the jury.  *Id*.

In his deposition, plaintiff admits to getting into an argument with officer Daniels over a disciplinary report. Tab #14.  Plaintiff also admits to attempting to move out of defendant Walker's grasp. *Id*. at 16-17.  In the undersigned's view, this is essentially a dispute over the reasonableness of a particular use of force or the existence of arguably superior alternatives.  In short, given the deference that is due jail officials, the evidence, viewed in the light most favorable to the plaintiff, does not support "a reliable inference of wantonness in the infliction of pain."[4]  Therefore, the defendants are entitled to summary judgment on this claim.

Accordingly, IT IS ORDERED that the defendants' MOTION FOR SUMMARY JUDGMENT (Tab #20) be **GRANTED**.

SO ORDERED, this 18th day of AUGUST, 2005.



                                              CLAUDE W. HICKS, JR.
                                              UNITED STATES MAGISTRATE JUDGE

---

[4]Although plaintiff did allegedly receive a chipped tooth as a result of the defendants use of force, said injury is *de minimis* as it occurred in an attempt to subdue plaintiff.  There is no medical evidence that plaintiff sustained any other type of injury on September 25, 2002.